UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

DORA CHAMPION, Individually and as Mother and Guardian of G.C., a minor child of 16 years of age,

                                   Plaintiff,

      -against-

OVZIE CANNON, Youth Services Specialist, BERNARD JOHNSON, OCFS Caseworker, ANITA SAPIO Facility Manager at BRC, EDWARD FIGUEROA, Facility Director at BRC, LOSECA AUSTRAL, PREA Compliance Manager at BRC, Sarah Chin-Rokanova, R.N., Tiffney Nerkowski Graf, Nurse Administrator at BRC, "JOHN DOES" 1 - 10 and "JANE DOES" 1 - 10 such persons being employed as Staff, Supervisors, and/or Administrators at the BRENTWOOD RESIDENTIAL CENTER during the time "GC" was a resident at that facility.

                                   Defendants.

----------------------------------------------------------------- X

Case No.: 2:24-cv-05842

(Seybert, J.) (Tiscione, M.J.)

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF THEIR MOTION TO DISMISS**

LETITIA JAMES
Attorney General
State of New York
Attorney for Respondents
300 Motor Parkway, Suite 230
Hauppauge, New York 11788

Of Counsel:
Dana E. Brown
Assistant Attorney General

i

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................. iii

PRELIMINARY STATEMENT ...........................................................................1

ARGUMENT .......................................................................................................1

    I.    The Allegations of Personal Involvement in the SAC are
    Still Insufficient .......................................................................................1

        A.  Johnson, Chin and Austral's Personal Involvement
            are Inadequately Pled..........................................................................2
        B.  The Allegations against Figueroa and Sapio
            are also Insufficient as a Matter of Law................................................4

    II.    Contrary to Plaintiff's Assertions, Fourteenth Amendment
    Claims are not Properly Pled .......................................................................6

    III.    The Fourth Amendment Claim is not Plausibly Pled ................................7

    IV.    Mere Negligence is Not Tantamount to Deliberate Indifference................8

CONCLUSION ...................................................................................................9

## TABLE OF AUTHORITIES

**Cases**                                                                                          **Pages**

*Ashcroft v. Iqbal,*
    556 U.S. 662, 678 (2009)....................................................................................................1, 2, 7

*Bey v. Garvey,*
    2025 WL 4742606, at *2-3 (D.D.C. March 7, 2025) ....................................................7

*Correa v. Lynch,*
    20-CV-02875, 2021 WL 2036697, at *6 (S.D.N.Y. May 20, 2021)…….……………..5

*Farmer v. Brennan,*
    511 U.S. 825, 826 (1994)………………………………………………………………8

*Paladini v. Capossela, Cohen, LLC,*
    No. 11 Civ. 2252 (LAP), 2012 WL 3834655, at *6 (S.D.N.Y. Aug. 15, 2012)
    *aff'd*, 515 F. App'x 63 (2d Cir. 2013)………………………………………………..7

*Phoenix Companies, Inc. v. Concentrix Ins. Admin. Sols. Corp.,*
    554 F. Supp. 3d 568, 604 (S.D.N.Y. 2021) ………………………………………………7

*Poe v. Leonard,*
    282 F.3d 123, 142 (2d Cir. 2002)……………………………………………………...8

*Provost v. City of Newburgh,*
    262 F.3d 146, 155 (2001)………………………………………………….…………..8

*Purdie v. Mahoney,*
    2005 WL 3050969 (N.D.N.Y. Nov. 14, 2005)..................................................................8

*Stone Equities, LLC v. Town of Brookhaven,*
    No. 25-CV-5237 (JS) (JMW), 2026 WL 1493695, at *5
    (E.D.N.Y. May 28, 2026)……………………………………………….…………..2

*Tangreti v. Bachmann,*
    983 F.3d 609, 618 (2d Cir. 2020) …....................................................................................3, 4

*Vann v. City of New York,*
    72 F.3d 1040, 1049 (2d Cir. 1995)………………….…………………………………8

*Walker v. NYS Justice Center for Protection of People with Special Needs,*
    493 F.Supp.3d 239 (S.D.N.Y. 2020)………………………………………………..5, 6

*Wright v. Smith,*
    21 F.3d 496, 501 (2d Cir. 1994) ……………………………………………………….5, 6

**Constitutions**
U.S. CONST. Amend IV…………………………………………………………...............7
U.S. CONST. Amend XIV………………………………………..…………………….6

**Federal Statutes**
42 U.S.C. §1983.................................................................................................1, 4, 5, 6, 8, 9

**Rules**
Fed. R. Civ. P. 12 (b)(6) ...........................................................................................6
Fed. R. Civ. P. 8(a)(2).................................................................................................1

**PRELIMINARY STATEMENT**

The OCFS Defendants[1] respectfully submit this reply memorandum of law in further support of their motion to dismiss the SAC and in response to Plaintiffs' Memorandum of Law in Opposition to Motion to Dismiss ("MOL in Opp"), dated June 24, 2026.  For the reasons discussed below, none of Plaintiffs' arguments save this case from dismissal; instead, the SAC should be dismissed, and the matter should be litigated in state court, where it belongs.

**ARGUMENT**

**I.     THE ALLEGATIONS OF PERSONAL INVOLVEMENT IN THE SAC ARE STILL INSUFFICIENT**

While a Court must accept as true well-pled factual allegations of a complaint, the requirement is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id.* at 679, *citing* Fed. Rule Civ. Proc. 8(a)(2).  In a case filed under 42 U.S.C. §1983, such as this one, a plaintiff is required to identify how "each defendant, through the official's own individual actions, has violated the Constitution," *Iqbal*, 556 U.S. at 676.  In other words, a complaint must allege specific facts of misconduct for each defendant. *Id.*

Here, the SAC does not allege any factual misconduct whatsoever for several OCFS Defendants (Johnson, Chin and Austral) and other than mere labels and conclusions, the SAC fails to identify how the other OCFS Defendants (Figueroa and Sapio) acted personally in depriving GC of her rights.  *Iqbal*, 556 U.S. at 678. While Plaintiffs attempt to circumvent dismissal by asserting "facts" allegedly showing personal involvement in their MOL in Opp, these new "facts"

---

[1] All defined terms used herein shall be ascribed the same meaning as in the OCFS Defendants' opening memorandum ("Def MOL")

are not included in their original Amended Complaint, DE 15, or their SAC, DE 48. Accordingly, they cannot, and should not, be considered. *See, e.g., Stone Equities, LLC v. Town of Brookhaven*, No. 25-CV-5237 (JS) (JMW), 2026 WL 1493695, at *5 (E.D.N.Y. May 28, 2026) ("Any extra-pleading factual allegations proffered by Plaintiff in its Opposition have no evidentiary value and do not warrant consideration by the Court.") (citation omitted).

In opposition, Plaintiffs urge this Court to read the SAC as a whole and find that the statement of rules and regulations contained therein, as well as the identification of each party's role at BRC and his/her alleged failure to fulfill all responsibilities in those roles, is sufficient to state a claim against each OCFS Defendant. It is not.  It is well grounded that a plaintiff "must specifically plead that a defendant violated his constitutional rights," and as to the supervisory defendants, a plaintiff cannot "merely assert liability through the doctrine of *respondeat superior*." *Iqbal*, 556 U.S. at 676.  Because the Plaintiffs cannot prevail on the conclusory claims asserted in the SAC, it must be dismissed.

### A. Johnson, Chin and Austral's Personal Involvement are Inadequately Pled

For the first time in opposition, Plaintiffs explain Defendant Johnson's role in this case, i.e., failing to send GC to the hospital immediately after GC disclosed that Cannon had abused her in the past.  Further, Plaintiffs now newly assert that Johnson failed to "remediate the wrong" and was deliberately indifferent by failing to act on the information that GC was the subject of harm. *See* MOL in Opp pp. 18-19. Johnson, however, is not a supervisor, as conceded by Plaintiffs in their own factual recitation; he is a caseworker and learned of the abuse *after it was disclosed*. *Id.* at 18.  No allegations have been set forth in the Amended Complaint or the SAC showing that he played any role whatsoever in any conduct relating to Cannon's abuse of GC.  The SAC entirely fails to mention any facts of Johnson's involvement in this case, other than that he was contacted

2

by Plaintiffs after GC made her claims of abuse. *See* SAC ¶72. It is only now, in response to a motion to dismiss for lack of personal involvement, that this factual recitation is being provided. MOL in Opp pp. 18-19. And in any event, the assertions are wholly and entirely inadequate to meet the standard of "personal involvement" that the cases in the Second Circuit require. There is no factual assertion that Johnson knew of any abuse as it was ongoing or that he was derelict in any of the duties he purportedly had as GC's caseworker. Without facts included in the SAC showing that Johnson was personally involved in a violation of GCs constitutional rights, he is not a proper Defendant in this action.

The same arguments can be made for Defendant Chin. In response to the OCFS Defendants' argument in their opening memorandum that the SAC does nothing more than allege that Chin is a registered nurse at BRC, *see* Def MOL, p. 11(i), the MOL in Opp now states that Chin failed to conduct or have others conduct proper mental health evaluations of GC. Nowhere do Plaintiffs identify how this alleged conduct constitutes Chin's personal involvement in the alleged abuse of GC.

Next, other than identifying Austral as the PREA compliance manager, the MOL in Opp also fails to assert any factual support demonstrating that she was personally involved in a violation of GC's constitutional rights. Neither the SAC nor the MOL in Opp allege that Austral knew of any failures in compliance monitoring; instead, Plaintiffs make only generalized conclusions to the effect that the BRC staff were inadequately trained. No specific acts or conduct, however, is alleged to indicate any connection between Austral and GC's purported harm.

Because the allegations in the SAC that Johnson, Chin, and Austral were personally involved in any constitutional violation of GC's rights are woefully deficient, these parties should be dismissed from this action. *See Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (stating

3

that a plaintiff asserting a cause of action under Section 1983 must "plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution'"); *Purdie v. Mahoney*, 2005 WL 3050969, at \*1 (N.D.N.Y. Nov. 14, 2005) (stating that a "plaintiff is obligated to set forth allegations of personal involvement by each named defendant in his complaint, and may not meet this obligation with conclusory allegations," and must "set forth specific allegations of wrongdoing as to each individual in the body of his complaint.").

### B. The Allegations against Figueroa and Sapio are also Insufficient as a Matter of Law

While the gravamen of the SAC is that the BRC supervisory staff were negligent in their supervision and hiring of rogue employee, Cannon, what the SAC fails to do is allege the specific personal involvement of Sapio and Figueroa individually. *See Tangreti,* 983 F.3d at 618. Other than outlining the roles that Figueroa and Sapio held within BRC and then making conclusory allegations that they were directly responsible for the harm to GC both before and after she disclosed the misconduct by Cannon, Plaintiffs did not assert in the SAC sufficient specific factual involvement of these two individuals in any wrongdoing.

Plaintiffs now attempt to cure this deficiency in the MOL in Opp by referencing particular paragraphs of the SAC and alleging that the factual recitation included therein is sufficient. For example, citing SAC ¶¶ 56-61, the MOL in Opp alleges that Sapio and Figueroa knew or should have known that a felon was going to work at their facility. A plain reading of those paragraphs, however, does not allege that Sapio or Figueroa were at all involved in hiring Cannon, nor do they allege facts showing that these defendants knew or should have known that Cannon, who was convicted of an attempted robbery, SAC, ¶ 57, would commit a sexual assault. The paragraphs merely refer to Cannon's prior and present criminal conduct.

4

Plaintiffs' conclusion of personal involvement does not logically follow from their premise and it is clear that what the Plaintiffs are attempting to do is hold those two supervisory Defendants responsible merely for being supervisors. No direct link has been pled or established in any way between their individual roles and the harm GC suffered at the hands of Cannon. *Correa v. Lynch*, 20-CV-02875, 2021 WL 2036697, at *6 (S.D.N.Y. May 20, 2021) ("the fact that a defendant is a supervisor is not enough to impute personal involvement onto that actor"); *see also Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) ("In order to prevail on a section 1983 cause of action against an individual, a plaintiff must show 'a tangible connection between the acts of a defendant and the injuries suffered.'")

Likewise, citing paragraphs 32-25 of the SAC, the MOL in Opp alleges that Sapio and Figueroa should have known that GC was a victim of human trafficking and had mental health issues. As a threshold matter, simply knowing that GC had an intellectual disability or was vulnerable to sexual victimization does not impute knowledge to the Defendants that a rogue employee, acting solely for his own sexual gratification, would commit the wrongdoing at issue herein. In any event, the cited paragraphs of the SAC do not even mention Sapio or Figueroa, nor do they indicate any connection between them and a violation of a specific constitutional right afforded to GC.

In the MOL in Opp, Plaintiffs curiously cite *Walker v. NYS Justice Center for Protection of People with Special Needs,* 493 F.Supp.3d 239 (S.D.N.Y. 2020), which *supports* the proposition that a person cannot be held liable under §1983 because they held a high-up position. *See* MOL in Opp p. 17. Plaintiffs then list five factors which allegedly show personal involvement, but they fail to draw a connection between the *Walker* case and the facts before this Court. Nor is this surprising given that the SDNY granted the Defendant's motion to dismiss in *Walker*. Relevant

to the matter before this Court, the Court held: (1) "A court is generally confined to the facts alleged in the complaint for the purposes of considering a motion to dismiss pursuant to 12(b)(6)." *Id.* at 243 (citation omitted); and (2) that Plaintiff did not plausibly allege any facts that would support an inference that an unconstitutional policy existed and such a claim was purely speculative. Like in *Walker,* it is pure speculation that Sapio and/or Figueroa created any policy within BRC or were personally and directly negligent in enforcing it, and as such, this cannot form the basis for personal involvement.

Because the Plaintiffs have failed to establish that each OCFS Defendant violated GCs constitutional rights by his or her own conduct, the SAC must be dismissed.

## II.    CONTRARY TO PLAINTIFF'S ASSERTIONS, THE FOURTEENTH AMENDMENT CLAIMS ARE NOT PROPERLY PLED

The argument by Plaintiffs, that no claims are brought directly under the Fourteenth Amendment but rather under §1983, is belied by a review of the SAC. Claims 6 and 8-11 of the SAC are specifically entitled as violations of the Fourteenth Amendment and certain paragraphs reiterate this constitutional violation, whereas other claims indicate they are brought under Section 1983 (Claims 1, 4-5). *See, e.g.,* SAC ¶¶ 188, 206, 217 and 225. In any event, regardless of the title of the claims, because the Plaintiffs' allegations entirely fail to sufficiently allege personal involvement of the OCFS Defendants as described in the Def MOL and discussed above, they also fail to raise a plausible Fourteenth Amendment claim for damages. *See Wright,* 21 F.3d at 501.

With respect to the Plaintiffs' argument that their claims are not duplicative, a plain reading of the language of each of the claims negates this argument. For example, Claims 6, 8, and 9 allege a failure to protect and supervise, which is what Claims 3 and 5 also allege. The SAC is entirely unclear and the MOL in Opp is not a substitute for what should have pled properly from the inception of the case. Additionally, the conduct seeks identical relief. "Duplicative claims are

6

dismissed when they are based on identical conduct and seek the same relief." *Phoenix Companies, Inc. v. Concentrix Ins. Admin. Sols. Corp.*, 554 F. Supp. 3d 568, 604 (S.D.N.Y. 2021), *citing Paladini* v. *Capossela, Cohen, LLC*, No. 11 Civ. 2252 (LAP), 2012 WL 3834655, at *6 (S.D.N.Y. Aug. 15, 2012) (dismissing negligence, negligent misrepresentation, and other claims as duplicative where they stated the same injuries and sought identical relief), *aff'd*, 515 F. App'x 63 (2d Cir. 2013) (summary order).

### III.     THE FOURTH AMENDMENT CLAIM IS NOT PLAUSIBLY PLED

Mere conclusory statements do not suffice to plead a plausible claim. *See Iqbal,* 556 U.S. at 678.  In the MOL in Opp, Plaintiffs state that "the failure of Sapio and Figueroa to correctly vet Cannon for his employment and transfer to the BRC, put him in a position to take advantage of GC." *MOL in Opp,* p. 24.  The SAC, however, does not attribute the vetting process to Sapio and Figueroa, nor could it. Moreover, those assertions have nothing to do with any violation of a right guaranteed by the Fourth Amendment.  Nor are there any facts alleged in the SAC showing that any OCFS Defendant was personally involved in such conduct as would constitute a violation of GC's Fourth Amendment rights.  In fact, the only thing that the SAC alleges on this issue is that unidentified and collective "defendants additionally allowed Cannon to stay with GC with the bedroom door closed, thereby confining her in her room with Cannon," *See* SAC ¶147. Collective and nonspecific pleading of this sort fails to allege a plausible Fourth Amendment claim.  As such, the SAC should be dismissed as it pertains to this Claim. *See Bey v. Garvey,* 2025 WL 4742606, at *2-3 (D.D.C. March 7, 2025) (complaint dismissed as the Plaintiff failed to provide facts that bolstered her allegations, and no factual allegations specific to any of the particular defendants were provided).

#### IV.    MERE NEGLIGENCE IS NOT TANTAMOUNT TO DELIBERATE INDIFFERENCE

The MOL in Opp describes all the claims against the OCFS Defendants, other than the final claim (Eleven), as constituting failures to exercise reasonable care towards GC, meaning that all claims sound in ordinary negligence.  MOL in Opp, p. 22.  But, as discussed in the Def MOL, Point IV, mere negligence does not support a Section 1983 constitutional claim.  In response, Plaintiffs do not dispute this point but assert that a state official must act with deliberate indifference. MOL in Opp p. 25. The only claim in the SAC raising a deliberate indifference claim, however, is the Eleventh Claim.

Despite characterizing their claims as ones sounding in negligence, Plaintiffs attempt in opposition to argue that all the unlawful conduct at issue resulted from the OCFS Defendants acting in a deliberately indifferent manner towards GC.  MOL in Opp p. 26.  This contention must be rejected because it is inconsistent with the negligence-based theory pled in the SAC and with Plaintiffs' own description of their causes of action.  Plaintiffs cannot have it both ways. Negligence and Deliberate Indifference are simply not synonymous standards. "Deliberate indifference entails something more than negligence….it is the equivalent of acting recklessly." *Farmer v. Brennan*, 511 U.S. 825, 826 (1994).

A supervisor is deliberately indifferent when he "knew or should have known" that there was a high degree of risk that a subordinate would violate someone's rights but "either deliberately or recklessly disregarded that risk by failing to take action that a reasonable supervisor would find necessary to prevent such a risk, and that failure caused a constitutional injury." *Poe v. Leonard*, 282 F.3d 123, 142; *see also, Provost v. City of Newburgh*, 262 F.3d 146, 155 (2001) (stating that there can be no liability for gross negligence absent evidence that a supervisor "knew or should have known" about an illegality); *Vann v. City of New York*, 72 F.3d 1040, 1049 (2d Cir. 1995)

8

("to prove such deliberate indifference, the plaintiff must show that the need for more or better supervision to protect against constitutional violations was obvious. An obvious need may be demonstrated through proof of repeated complaints of civil rights violations; deliberate indifference may be inferred if the complaints are followed by no meaningful attempt on the part of the municipality to investigate or to forestall further incidents.")

Here, there are no factual assertions in the SAC demonstrating that there were any prior complaints of misconduct against Cannon. Additionally, as stated in the SAC, Cannon's underlying criminal conviction was for an attempted robbery, not a sexually motivated or related crime. SAC ¶57. Thus, it is not plausible to conclude that any OCFS Defendant knew of any high risk of harm to GC at the hands of Cannon or that they knew or should have known about his illegal conduct. Without such a pleading, the Plaintiffs' claims that the OCFS Defendants were deliberately indifferent must fail. And because this is really a Complaint alleging negligence, it cannot be brought under §1983. Accordingly, the entirety of this SAC should be dismissed.

## CONCLUSION

For the reasons set forth above and in the Def MOL, the OCFS Defendants respectfully request that the Court dismiss all claims in their entirety with prejudice, and grant such other and further relief that the Court deems just and equitable.

Dated: Hauppauge, New York
   July 17, 2026

             LETITIA JAMES
             Attorney General
             State of New York
             Attorney for OCFS Defendants

       By: *Dana E. Brown*
          DANA E. BROWN
          Assistant Attorney General, Of Counsel

9

## **CERTIFICATION**

In accordance with Rule 202.8-b of the Uniform Rules of Supreme and County Courts, the undersigned certifies that the word count in this memorandum of law (excluding the caption, table of contents, signature block, and this certification), as established using the word count on the word-processing system used to prepare it, is 2,866 words.

Dated: Hauppauge, New York
      July 17, 2026

By:    *Dana C. Brown*
          DANA E. BROWN
          Assistant Attorney General, Of Counsel